UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL COURTNEY ESSIX,

    Petitioner,

v.                                          Case No.:   2:17-cv-578-FtM-38MRM

SECRETARY, DOC and
FLORIDA ATTORNEY
GENERAL,

    Respondents.
_____/

## OPINION AND ORDER[1]

Before the Court is Michael Courtney Essix's Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 12) and Respondent's limited response (Doc. 16), which argues the Petition should be dismissed as untimely. Petitioner does not claim he timely filed his Petition; he instead argues the Court should consider his Petition despite its untimeliness to correct a miscarriage of justice (Doc. 20).

28 U.S.C. § 2244, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, sets a one-year period of limitations to the filing of a

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

habeas petition by a person in state custody. This limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Here, Petitioner does not allege, nor does it appear from the pleadings or the record, that the statutory triggers in subsections (B)-(D) apply. Thus, the limitations period began to run on the date Petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). When a conviction becomes final normally depends on whether the Petitioner petitioned the Supreme Court for certiorari after losing his direct appeal:

> (1) if the prisoner files a timely petition for certiorari, the judgment becomes "final" on the date on which the Supreme Court issues a decision on the merits or denies certiorari, or (2) the judgment becomes "final" on the date on which the defendant's time for such a petition expires.

*Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (quoting *Kaufmann v. United States*, 282 F.3d 1336, 1339 (11th Cir. 2002)).

2

Petitioner was charged by amended information with six counts of violating an injunction for protection against domestic violence and four counts of violating terms of pretrial release. (Doc. 17-2 at 2). The County Court of the Twentieth Judicial Circuit in and for Lee County, Florida held a trial, and a jury found Petitioner guilty on all counts. (*Id.* at 8-10). The trial judge sentenced Petitioner to a total of two years and 254 days imprisonment, followed by five years of probation. (*Id.* at 12-31). Petitioner appealed his conviction to the circuit court, but on June 2, 2014, the circuit court accepted Petitioner's notice of voluntary dismissal and dismissed the appeal. (*Id.* at 35). Since Petitioner did not ultimately seek review from the state court of last resort, he could not have sought certiorari in the United States Supreme Court. See *Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012). Petitioner's conviction thus became final on **June 2, 2014**.

The limitations period ran for **37 days** until Petitioner filed a Rule 3.850 motion on July 10, 2014. (Doc. 17-2 at 39). The county court denied the motion on September 22, 2014, and entered an amended order denying the motion on March 19, 2015. (*Id.*). The circuit court affirmed the denial on April 29, 2015, and entered a mandate on May 15, 2015.[2] (*Id.* at 62-64). The limitations period then ran for **108 days**. Petitioner filed a successive Rule 3.850 motion on

---

[2] Petitioner filed several other motions while his Rule 3.850 motion was pending, but they do not impact the timeliness issue because the limitations period was already tolled.

3

September 1, 2015, which the county court denied on March 11, 2016. (*Id.* at 66-70). The circuit court affirmed on August 23, 2016, and entered a mandate on September 6, 2016. (Doc. 17-3 at 2-5). Petitioner sought certiorari in Florida's Second District Court of Appeals (2nd DCA). (*Id.* at 7). The 2nd DCA dismissed the petition for certiorari on October 24, 2016. (*Id.* at 38). The limitations period then ran for **220 days** until it elapsed on **June 2, 2017**. Petitioner filed his original habeas petition in this Court on October 19, 2017, 139 days too late.

Petitioner filed several other petitions that did not toll the statute of limitations. First, he filed a Petition for Writ of Mandamus in the Florida Supreme Court on January 3, 2017. (Doc. 17-3 at 42). He sought a writ ordering the 2nd DCA to issue a written opinion containing findings of fact and conclusions of law on his petition for certiorari. (*Id.* at 46). The Florida Supreme Court denied the petition on March 13, 2017. (*Id.* at 109). This Court finds that the mandamus proceedings did not toll the statute of limitations because it was not a "review" of Petitioner's conviction. *See Wall v. Kholi,* 562 U.S. 545, 553 (2011) (holding that for a proceeding to toll the limitations period, it must be a "review" of the conviction—meaning "a looking over or examination with a view to amendment or improvement"). But even if the mandamus proceedings did toll the limitations period from January 3, 2017,

4

through March 13, 2017, the statute of limitations would have elapsed on August 11, 2017. Thus, the Petition would still be untimely.

Petitioner filed two more petitions for certiorari on April 7, 2017, and April 14, 2017.[3] (Doc. 17-3 at 114 and 146). But they were untimely under Florida rules and thus did not toll the limitations period. State "time limits, no matter their form, are 'filing' conditions." *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005). Petitions that are untimely under state law are not "properly filed" and do not toll the statute of limitations. *Id.* Both petitions for certiorari sought review of the circuit court's August 23, 2016 order on his successive Rule 3.850 motion. Florida Rule of Appellate Procedure 9.100(c) requires a petition for certiorari to be filed within 30 days of the order to be reviewed, so a petition for certiorari was due on September 22, 2016. Thus, Petitioner's two April 2017 petitions for certiorari did not toll the limitations period.

Petitioner argues that despite his untimeliness, the Court should grant the Amended Petition to correct plain error and address a miscarriage of justice. (Doc. 20). Petitioner argues he is innocent of Count 5—one of six counts of violating an injunction for protection against domestic violence. The Supreme Court has held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass" when otherwise impeded by "expiration

---

[3] The 2nd DCA dismissed the first petition because Petitioner failed to submit the circuit court's order after twice being ordered to do so. (Doc. 17-3 at 139-141). Petitioner voluntary dismissed the second petition. (*Id.* at 163).

5

of the statute of limitations." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the Court cautioned "that tenable actual-innocence gateway pleas are rare: A petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* Petitioner does not qualify for this narrow exception. While he claims to be innocent of Count 5, he presents no new evidence that might show actual innocence. What is more, Petition's argument on this point, even if successful, would not prove that he did not commit the act underlying Count 5. He merely argues the piece of evidence on which Count 5 was based—which he calls the "WastePro letter"—was not introduced at trial. (Doc. 12 at 18). By making this argument, Petitioner tacitly acknowledges that the offending letter does indeed exist. Because Petitioner failed to demonstrate actual innocence, he is not excepted from the statute of limitations.

For the foregoing reasons, the Court will dismiss the Amended Petition as untimely.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's dismissal of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). "A [COA] may issue...only if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke,* 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller–El v. Cockrell,* 537 U.S. 322, 335–36 (2003) (citations omitted). Petitioner has not made the requisite showing here and may not have a certificate of appealability on any ground of his Petition.

Accordingly, it is now

**ORDERED:**

Petitioner Michael Courtney Essix's Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody is **DISMISSED**. The Clerk shall enter judgment, terminate all motions and deadlines, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on December 14, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record